UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Graham, Jr.,    #178039, | ) | C/A No. 6:06-785-MBS-WMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Henry McMasters, Attorney General; | ) | |
| Robert McIntosh; | ) | |
| Sabrina C. Todd; | ) | |
| Michael Baxley, Judge; | ) | |
| Michael Bell, Public Defender; | ) | |
| Todd Tucker, Captain; | ) | |
| Tommy Thompson; | ) | |
| Katherine Link; and | ) | |
| Connie R. Bell, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action filed *pro se* by a state prison inmate.[1]  Plaintiff is currently incarcerated

at the McCormick Correctional Institution, serving a life sentence entered following a 1997 Florence

County General Sessions Court jury verdict finding him guilty of one court of first-degree burglary and one

court of grand larceny.  Plaintiff's convictions and sentences were affirmed by the South Carolina

Supreme Court in 2000.  *See* State v. Graham, Op. No. 2000-MO-028.  His  initial Post Conviction Relief

Application (PCR) was dismissed by the Florence County Court of Common Pleas in 2002, *see* Case no.

00-CP-21-810, and the South Carolina Supreme Court denied both a counseled "Johnson" petition for

writ of certiorari and a *pro se* petition for writ of certiorari addressed to the PCR case in 2003.   Plaintiff

currently has a *pro se* state petition for writ of habeas corpus pending in the Florence County Court of

Common Pleas that he filed on January 14, 2005.  *See* Graham v. South Carolina, Case no. 2005-CP-21-

82.  A Conditional Order of Dismissal was signed on August 22, 2005 by the judge assigned to the case,

and was filed in the Court of Common Pleas' records on September 12, 2005.  Plaintiff submitted his

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.  *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

response to that order on August 25, 2005, but there does not appear to have been any further court action in the case since that time.  *See* St. Louis Baptist Temple, Inc. v. FDIC., 605 F.2d 1169, 1172 (10th Cir. 1979) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue); United States ex rel. Geisler v. Walters, 510 F.2d 887 (3d Cir. 1975)(same); Rhodes v. Houston, 309 F.2d 959 (8th Cir. 1963)(same).  It does not appear that Plaintiff has ever filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 in this Court.  *See* Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records).

In the Complaint filed in this case, Plaintiff seeks monetary damages and injunctive relief pursuant to 42 U.S.C. §§ 1983, 1985[2] against various Defendants who are involved in the pending state habeas corpus case and/or who were involved in representing either the State of South Carolina or the Plaintiff in connection with his 1997 criminal case at some point in the process during his continuing, though to-date unsuccessful, attempts to have his convictions and sentence overturned.[3]  Plaintiff claims that he has been subjected to "miscarriage of justice, conspiracy, fraud, illegal entrapment, exparta [sic] communications" and accuses the State Attorney General (Henry McMasters) and two of his Staff members (Robert McIntosh and Sabrina Todd) of "harassing" his wife and trying to "destroy" his marriage by writing letters about his case and discussing his case with his wife without his (Plaintiff's) permission and with "knowingly, intentionally, sadistically" mailing Plaintiff's mail to the wrong correctional institution. He also claims that the Attorney General and his assistants have been working to keep him in prison and

---

[2]There are no allegations in the Complaint to the effect that Plaintiff has been discriminated against as a result of his race or class.  As a result, the Complaint fails to state a viable § 1985 claim.  *See* Simmons v. Poe, 47 F.3d 1370 (4th Cir. 1995).  Accordingly, Plaintiff's Complaint is being considered only as one filed within this Court's federal question jurisdiction pursuant to 42 U.S.C. § 1983.

[3]Although Plaintiff includes in his request for relief the following: "Thommy Thompson, Katherine Link give Plaintiff back money with interest, or disbarment for misconduct, etc.," and names these two persons, Todd Tucker, and Connie R. Bell in the space in the Complaint provided for "additional defendants," there are absolutely no factual allegations of wrongdoing contained in the Complaint against any of these four individuals.  As a result, this case is subject to summary dismissal as to each of these persons because it is frivolous and fails to state any type of cause of action.  *See* 28 U.S.C. § 1915(e)(2)(B); Cochran v. Morris, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); Weller v. Dep't of Social Servs., 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants).

2

not give him a hearing in his habeas case, that Assistant Attorney General Todd has been trying to "trick" him into filing his habeas case in the wrong court, and that they have failed to respond to his filings in his state habeas case because "the state is aware that plaintiff is being illegally held in prison, and seeks to cover it up and denie [sic] him access to the court . . . . " Complaint, at 3.

Further, Plaintiff claims that Florence County Judge who is presiding over his habeas case and who signed the Conditional Order of Dismissal in that case, Defendant Baxley, called his wife and was "harassing" her about hiring an attorney, and that he improperly permitted the Attorney General's assistants and Plaintiff's trial counsel, Florence County Public Defender Defendant Bell, to "lie" and "present false documents to news media."  He claims that Judge Baxley wrongly denied his motions for sanctions against some undisclosed "defendants," and claims that Defendant Bell, who apparently represented Plaintiff at his trial (or at least whose office was involved in his representation), "sadistically, and fraudulently presented a false document to the news media to discount Plaintiff's claims that his convictions and sentence are illegal.

## Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case.  This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal

3

court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).  Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *See* Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990).   Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## Discussion

### Heck v. Humphrey

Throughout Plaintiff's Complaint is an underlying theme: he believes that his 1997 criminal convictions and the sentence that he received are "illegal," and he wants to be released from prison. However, it appears from his request for relief that if he cannot be released from prison, which is not something this Court can order as relief in a § 1983 action, *see* Preiser v. Rodriguez, 411 U.S. 475, 499 (1973)(federal habeas corpus action, not § 1983, is the way to challenge the fact or length of confinement),  Plaintiff at least wants to make those who played any part in his criminal case or in any of his as-yet unsuccessful attempts to overturn his convictions and sentence pay him damages and/or receive professional discipline.  His requests are premature.  With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges,[4] the United States Supreme Court has written:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that

---

[4]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law.  *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973).  The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

> has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); *see also* Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(Heck generally applies where search and seizure issues are raised);[5] Woods v. Candela, 47 F.3d 545 (2d Cir.1995)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D. Ill. 1995); Seaton v. Kato, 1995 WL 88956 (N.D. Ill., February 28, 1995); Smith v. Holtz, 879 F. Supp. 435 (M.D. Pa. 1995).  By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.  Even so, the limitations period for such a civil rights action will not begin to run until the cause of action accrues; therefore, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. *See* Benson v. New Jersey State Parole Board, 947 F. Supp. 827, 830 & n. 3 (D. N.J. 1996)(following Heck v. Humphrey and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); Snyder v. City of Alexandria, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).  Because the things that Plaintiff alleges against Defendants -- all participants in various stages of his criminal case – are the types of things which, if true, could call into question the validity of Plaintiff's convictions, and because Plaintiff has not yet been successful in his attempts to have his convictions set aside through pursuit of proper and available judicial remedies, he cannot sue any of the Defendants for damages or injunctive relief because of their involvement in his arrest, prosecution, trial, appeal, post-conviction relief, and/or state habeas corpus actions.  *See* Johnson v. Freeburn, 29 Fed. Supp.2d 764, 772 (S.D. Mich.

---

[5]*See also* Booker v. Kelly , 888 F. Supp. 869 (N.D. Ill. 1995);  Perkins v. Orr, No. 9:04-835-08, 2004 WL 3217867, *3+ (D.S.C. Jul 01, 2004) (unpublished opinion).

1998)(under Heck v. Humphrey, nature of relief sought is not critical question; rather, it is the grounds for relief); see also Clemente v. Allen, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought). As a result, this case is subject to summary dismissal as to all Defendants without issuance of service of process.

## Judicial Immunity

Furthermore, to the extent that Plaintiff is attempting to sue Defendant Baxley for actions that he has taken in connection with his responsibilities and duties as a presiding judge in Plaintiff's pending state habeas corpus action, this case is barred by the doctrine of judicial immunity. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); see also Siegert v. Gilley, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); Burns v. Reed, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

## Prosecutorial Immunity

Additionally, to the extent that Plaintiff's claims seeks damages from Defendants McMasters, McIntosh, and Todd for actions taken in pursuit of their duties as prosecutors in connection with the various stages of Plaintiff's criminal case and its appeals and collateral attack proceedings, this case is barred by the doctrine of prosecutorial immunity. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, 500 U.S. 478 (1991); Hart v. Jefferson County, 1995 WL 399619 (D. Ore., June 15, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity).

**Private Action**

Finally, even if <u>Heck</u> did not bar Plaintiff's § 1983 claims against all Defendants, as it does as stated above, Plaintiff's Complaint would still be subject to summary dismissal as to Defendant Michael Bell, who appears to have been the Florence County Public Defender responsible for Plaintiff's representation during his criminal case.  *See* <u>supra</u> note 3 (addressing the lack of viable claims against the other four named Defendants).  The only allegations in the Complaint against this Defendant are that he "presented a false document to news media . . . , " apparently in response to Plaintiff's wife's and fellow church members' assertions that Plaintiff had not been properly represented in court, and this is clearly insufficient to state a viable § 1983 claim against this Defendant because he is not a "state actor." In order to state a cause of action under § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law.  <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980).  The United States Supreme Court has determined that "a public defender does not qualify as a state actor when engaged in his general representation of a criminal defendant." <u>Georgia v. McCollum</u>, 505 U.S. 42, 53 (1992).[6]   The Court held in <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981), that the adversarial relationship of a public defender with the State prevented the attorney's public employment from alone being sufficient to support a finding of state action.  Since Plaintiff's allegations do not establish that this Defendant acted under color of state law in responding to the media's questioning about his (or his office's) representation, Plaintiff cannot maintain a § 1983 action against him.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.  *See* <u>Denton v. Hernandez</u>; <u>Neitzke v. Williams</u>; <u>Haines v. Kerner</u>; <u>Brown v. Briscoe</u>, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); <u>Boyce v. Alizaduh</u>; <u>Todd v. Baskerville</u>, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as

---

[6] In <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 929 (1982), the Court held that the statutory requirement of action "under color of state law" is identical to the "state action" requirement for other constitutional claims.

possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Since Plaintiff seeks monetary damages in this case and both of Defendants in this case are immune from suit, 28 U.S.C. § 1915A(b)(2) is applicable in this case.  Additionally, several courts have held that a dismissal under <u>Heck</u> constitutes a "strike" under 28 U.S.C. § 1915(e)(2) and (g).  *See* <u>Luedtke v. Bertrand</u>, 32 F.Supp.2d 1074 (E.D. Wis.1999); <u>Sandles v. Randa</u>, 945 F. Supp. 169 (E.D. Wis. 1996); *see also* <u>Rivera v. Allin</u>, 144 F.3d 719, 731 (11th Cir. 1998); <u>Grant v. Sotelo</u>, 1998 WL 740826 (N.D. Tex.1998).  Hence, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

Plaintiff's attention is directed to the important notice on the next page.


s/William M. Catoe
United States Magistrate Judge


May 4, 2006

Greenville, South Carolina

8

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

### Larry W. Propes, Clerk
### United States District Court
### Post Office Box 10768
### Greenville, South Carolina 29603