IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Robert Graham, Jr., ) | |
| ) | C/A No. 6:06-0785-MBS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND** |
| Henry McMasters, Attorney General; ) | **OPINION** |
| Robert McIntosh; Sabrina C. Todd; Michael ) | |
| Baxley, Judge; Michael Bell, Public ) | |
| Defender; and Connie R. Bell; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This is an action brought by Robert Graham Jr. ("Plaintiff"), an inmate of the South Carolina Department of Corrections, against South Carolina Attorney General Henry McMasters; Attorney General's Office employees Robert McIntosh and Sabrina C. Todd; Judge Michael Baxley, of the Fourth Judicial Circuit of South Carolina; Plaintiff's attorney, Michael Bell; and Florence County Clerk of Court Connie R. Bell ("Defendants").[1] Plaintiff claims that Defendants have conspired to convict and sentence him in violation of his civil rights and 42 U.S.C. §§ 1983, 1985, and 1986.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge William M. Catoe for a Report and Recommendation. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915(e) and 1915A. The Magistrate Judge filed a Report and Recommendation on May 4, 2006 (Entry 9),

---

[1] Plaintiff's complaint also named Todd Tucker, Tommy Thompson, and Katherine Link as defendants. On February 2, 2007, the court granted Plaintiff's motion to remove these parties as misjoined.

recommending that Plaintiff's complaint be summarily dismissed. Plaintiff filed objections to the Report and Recommendation on May 15, 2006 (Entry 10), and supplemented these objections on May 19, 2006 (Entry 12) and June 30, 2006 (Entry 13). Plaintiff filed a Motion for Default Judgment on July 26, 2007 (Entry 25); a Motion requesting the court to return unissued summons on October 17, 2007 (Entry 28); and a second Motion for Default Judgment on November 19, 2007 (Entry 30).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). Having reviewed the Report, pleadings, memoranda, and applicable law, the court grants Plaintiff's Motion to Amend, denies Plaintiff's Motion for Appointment of Counsel, and adopts the Magistrate Judge's recommendation of summary dismissal.

## DISCUSSION

The Magistrate Judge found that Plaintiff's civil rights action was barred by the Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994).[2] In Heck, the Supreme Court held that

---

[2] The Magistrate Judge also found that, even if Plaintiff's claim were not barred by Heck, each of the individual defendants was entitled to dismissal. First, Plaintiff's complaint fails to state any factual allegations of wrongdoing against Defendant Connie R. Bell. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 389 (4th Cir. 1990)(dismissal was proper where plaintiff failed to make any allegations against defendants). Second, Defendant Baxley, the presiding Judge in Plaintiff's state habeas corpus action, is shielded by the doctrine of judicial immunity. See Mireles v. Waco, 502

before a Plaintiff may challenge his conviction or sentence in a § 1983 action, he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. The Supreme Court's ruling in Heck has since been extended to civil rights actions brought under 42 U.S.C. §§ 1985 and 1986. See Stephenson v. Reno, 28 F.3d 26, 26-27 n. 1 (5th Cir.1994) (per curiam) (applying holding in Heck to § 1985 claim); Posr v. Court Officer Shield No. 207, 180 F.3d 409, 419 (2d Cir. 1999) ("no § 1986 claim will lie where there is no valid § 1985 claim.").

Plaintiff objects that Heck does not apply to his case because his action is not intended to "challenge the validity or constitutionality of his illegal conviction and sentencing . . . but moreso [sic] to 'force' defendants to grant him his 1st Amendment and 14th Amendment . . . right to be heard." Plaintiff's Objections, p. 2. However, Plaintiff's objection has no merit. In determining whether Plaintiff's claim is barred by Heck, this court must "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. If Plaintiff were correct that Defendants

---

U.S. 9, 9 (1991) ("[a] long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages."). Third, Defendants McMasters, McIntosh, and Todd, the prosecutors in Plaintiff's criminal case, are entitled to prosecutorial immunity. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."). Lastly, Defendant Michael Bell, Plaintiff's attorney in his criminal trial, is not subject to a § 1983 action because he is not a state actor. See Polk County v. Dodson, 454 U.S. 312, 324 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

3

conspired to deny him his First and Fourteenth Amendment rights during the course of his criminal trial or sentence, then his conviction or sentence would be invalid. Plaintiff has neither alleged nor presented evidence indicating that his conviction or sentence has been invalidated in any other proceeding. Accordingly, Plaintiff's complaint must be dismissed.

## **CONCLUSION**

The court adopts and incorporates herein by reference the Report and Recommendation. Plaintiff's complaint is hereby dismissed without prejudice and without issuance and service of process. Plaintiff's pending motions are denied as moot.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
United States District Judge

February 26, 2008

Columbia, South Carolina